UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-12403-MLW |
| | ) | |
| DAVID ARROYAVE RESTREPO | ) | |

## MEMORANDUM AND ORDER

WOLF, D.J.                                              March 26, 2013

I. INTRODUCTION

Defendant David Arroyave Restrepo pled guilty to conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §846. He was sentenced to 210 months in custody. He has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (the "§2255 Motion"). For the reasons described in this Memorandum, Grounds One, Three, and Four of the §2254 Motion are being dismissed, and the court is ordering further submissions regarding Ground Two.

In addition, pending before this court is Albert Cullen, Esq.'s motion for Criminal Justice Act ("CJA") funding to purchase transcripts for defendant's use. For the reasons set forth below, this motion is being denied without prejudice.

II. PROCEDURAL HISTORY

On January 6, 2006, defendant pled guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §846.   On April 14, 2006, the court

sentenced defendant to 210 months in custody.  At the sentencing,
the court found defendant responsible for "as much as about 130
kilograms" of cocaine.  See Apr. 14, 2006 Tr. at 31.

Subsequently, defendant filed the §2255 Motion, which raises
four grounds for relief, which in turn relate to the sentencing
procedure, to defense counsel's failure to file a notice of appeal,
and to various unspecified constitutional violations.  Defendant
then supplemented the §2255 Motion with an affidavit, which asserts
that defendant "informed attorney Albert Cullen that he wish [sic]
to appeal the sentence imposed by the court."

III. ANALYSIS

A.  Legal Standard

1.  Denial Without an Evidentiary Hearing

The First Circuit elaborated the test for granting an
evidentiary hearing in a §2255 proceeding in United States v.
McGill, 11 F.3d 223 (1st Cir. 1993).  As the First Circuit wrote:

> When a petition is brought under section 2255, the
> petitioner bears the burden of establishing the need for
> an evidentiary hearing.  See Mack v. United States, 635
> F.2d 20, 26-27 (1st Cir. 1980); United States v. DiCarlo,
> 575 F.2d 952, 954 (1st Cir. [1978]), cert. denied, 439
> U.S. 834, (1978).  In determining whether the petitioner
> has carried the devoir of persuasion in this respect, the
> court must take many of petitioner's factual averments as
> true, but the court need not give weight to conclusory
> allegations, self-interested characterizations,
> discredited inventions, or opprobrious epithets. . . .
>
> We have distilled these principles into a rule that
> holds a hearing to be unnecessary "when a §2255 motion
> (1) is inadequate on its face, or (2) although facially
> adequate is conclusively refuted as to the alleged facts

2

by the files and records of the case." <u>Moran v. Hogan</u>,
494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a
"§2255 motion may be denied without a hearing as to those
allegations which, if accepted as true, entitle the
movant to no relief, or which need not be accepted as
true because they state conclusions instead of facts,
contradict the record, or are 'inherently incredible.'"
<u>Shraiar v. United States</u>, 736 F.2d 817, 818 (1st Cir.
1984) (citations omitted).

<u>Id.</u> at 225-26 (some citations omitted); <u>see also</u> <u>United States v.
Panitz</u>, 907 F.2d 1267, 1273-74 (1st Cir. 1990).

"Moreover, when, as in this case, a petition for federal
habeas relief is presented to the judge who presided at the
petitioner's trial, the judge is at liberty to employ the knowledge
gleaned during previous proceedings and make findings based thereon
without convening an additional hearing." <u>McGill</u>, 11 F.3d at 225.

### 2.  Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the right
to effective assistance of counsel," but it "does not guarantee a
defendant a letter-perfect defense or a successful defense." <u>Lema
v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993).  "Not every
error amounts to ineffectiveness."  <u>Cofske v. United States</u>, 290
F.3d 437, 441 (1st Cir. 2002).

In order to succeed on a claim of ineffective assistance of
counsel, a movant "must show both deficient performance by counsel
and resulting prejudice." <u>Peralta v. United States</u>, 597 F.3d 74,
79 (1st Cir. 2010)(citing <u>Strickland v. Washington</u>, 466 U.S. 668,
687 (1984)); <u>see</u> <u>Argencourt v. United States</u>, 78 F.3d 14, 16 (1st

3

Cir. 1996).   Further, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.   Petitioner bears the burden of showing ineffective assistance of counsel by a preponderance of the evidence. See Lema, 987 F.2d at 51.

As to the first prong (i.e. "deficient performance" ), a movant must show that his representation "fell below an objective standard of reasonableness." See Peralta, 597 F.3d at 79 (quoting Strickland, 466 U.S. at 688). The court must then determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "The defendant, as a result, must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000) (internal quotations omitted); see Prou v. United States, 199 F.3d 37, 47-48 (1st Cir. 1999); Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).

4

As to the second prong, "[u]nder Strickland, a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Porter v. McCollum, 130 S. Ct. 447, 453 (2009)(quoting Strickland, 446 U.S. at 694).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see Peralta, 597 F.3d at 79-80.

      B.   Counts One, Three, and Four Are Being Dismissed

          1.   Ground One: Ineffective Assistance at Sentencing

In Ground One, defendant argues that his counsel was ineffective for failing to object to an "improper sentence." Although the factual basis for this ground is not entirely clear, it appears that defendant argues that counsel failed to object when the court calculated his sentence by finding the relevant drug quantity by a preponderance of the evidence.

At defendant's sentencing, the court applied the advisory guidelines as required by United States v. Booker, 543 U.S. 220 (2005), and did not treat the guidelines as mandatory.   See Apr. 14, 2006 Tr. at 4-5.   Under Booker, the court may permissibly find and rely on facts proven by a preponderance of the evidence when calculating the advisory guideline range.   See United States v. Curran, 525 F.3d 74, 85 (1st Cir. 2008)(citing United States v. Pizarro-Berrios, 448 F.3d 1, 6 (1st Cir. 2006)).   Defendant agreed

in his plea agreement that he was responsible for between 50 and 150 kilograms of cocaine. Plea Agreement ¶3(b). The Presentence Report (the "PSR") found defendant responsible for 129.33539 kilograms. PSR ¶386. Accordingly, the court's finding that defendant was responsible "as much as about 130 kilograms" was both supported by the record and constitutionally permissible. See Apr. 14, 2006 Tr. at 31. Any objections by counsel to this finding would have been without merit, and the failure to make them could not, therefore, justify a finding of deficient performance or prejudice. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990). In light of the record, Ground One is facially inadequate and is, therefore, being dismissed without an evidentiary hearing.

   2.   Grounds Three and Four: Miscellaneous Constitutional
        Claims

Ground Three alleges "[i]neffective assistance of [c]ounsel; [i]llegal sentence, improper waivers and due process violations." Defendant states that "[t]o properly assert the facts herein, [defendant] needs a copy of the [r]ecord" and states that his counsel has not provided the record to him.

Ground Four alleges "[r]elated due process issues," alleges no facts of any kind, and indicates that defendant will allege facts at some future point after obtaining and reviewing records from the court.

Defendant bears the burden of making factual allegations that, if true, would warrant relief. See McGill, 11 F.3d at 225-26. Where, as here, a defendant presents nothing more than generalizations and legal conclusions without alleging any specific facts, the claims may be dismissed without an evidentiary hearing. See David v. United States, 134 F.3d 470, 477-78 (1st Cir. 1998). Accordingly, Grounds Three and Four are being dismissed without an evidentiary hearing.

C.   An Evidentiary Hearing May Be Required to Resolve Ground Two

In Ground Two, which is supplemented by an affidavit, defendant alleges that he told his counsel, Mr. Cullen, that he wanted to appeal following the sentencing hearing, but that counsel did not file the appeal and was, consequently, ineffective. Defendant adequately alleges deficient performance because the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[1] See Roe v. Flores-

---

[1] Although the government states that First Circuit precedent holds that failure to prosecute an appeal in the absence of a waiver by the defendant or compliance with Anders v. California, 386 U.S. 738 (1967), is per se deprivation of counsel, the Supreme Court expressly rejected this per se rule in Flores-Ortega. See 528 U.S. at 478 (expressly rejecting the holding of United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991)). Failure to file an appeal or to consult with the defendant about an appeal does not necessarily constitute deficient performance by counsel, but may be unreasonable in certain circumstances. See id. at 480.

Ortega, 528 U.S. 470, 477 (2000).  Defendant has also adequately alleged prejudice because he has alleged that defense counsel's deficient performance deprived defendant of an appeal he otherwise would have taken.  See id. at 484-85 (citing Rodriguez v. United States, 395 U.S. 327 (1969)).  Defendant is not required to specify the issues he would have raised on appeal or show that those issues are meritorious.  See id. at 486.

Consequently, defendant's allegations are facially adequate, and, if they are disputed, an evidentiary hearing may be required to establish whether they are true.  See United States v. Butt, 731 F.2d 75, 77-78 (1st Cir. 1984)("[M]aterial issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government or defense counsel." (internal citations omitted)).  If these allegations are true, defendant will be entitled to an appeal.  See Flores-Ortega, 528 U.S. at 484; United States v. Santos-Rios, 151 F. App'x 2, at *4 (1st Cir. 2005)(unpublished)(citing United States v. Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000)); McGarrett v. United States, C.A. No. 05-30205, 2007 WL 609866, at *1 (D. Mass. Feb. 23, 2007).

However, it is not now clear whether these allegations are disputed. The government requests that the court first order Mr. Cullen to submit an affidavit responding to defendant's allegations.  This procedure is appropriate in the circumstances. See United States v. Goodwyn, 797 F.Supp.2d 177, 182 (D. Mass.

2011).

Accordingly, the court hereby informs defendant that, if he persists in claiming ineffective assistance of counsel in connection with counsel's failure to file a direct appeal, he will waive his attorney-client privilege with respect to all communications with his attorney that are relevant to proving or disproving his claim. See Johnson v. Alabama, 256 F.3d 1156, 1178-79 (11th Cir. 2001). Defendant is being ordered to report, by April 15, 2013, whether he wishes to: (1) proceed with Ground Two and waive his privilege as described above, or (2) withdraw Ground Two and preserve his privilege. See Bittaker v. Woodford, 331 F.3d 715, 720 (9th Cir. 2003)("The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it."). If defendant chooses to proceed, then, by May 3, 2013, Mr. Cullen shall submit an affidavit which addresses: (1) whether he consulted with defendant regarding a direct appeal; and (2) whether defendant instructed him to file a direct appeal. See Goodwyn, 797 F.Supp. 2d at 182. Upon receipt of the affidavit, the court will determine whether an evidentiary

hearing is required.  See id. at 183.  If an evidentiary hearing is
required, defendant will be ordered to report whether he is
financially eligible for appointed counsel as defined by 18 U.S.C.
§3006A so that the court may determine whether it must appoint
counsel pursuant to §2255 Rule 8(c).

IV.   MOTION FOR TRANSCRIPTS

As requested by the defendant, Mr. Cullen has filed a motion
requesting funds to purchase the transcripts of the change of plea
and sentencing hearings.  However, indigent defendants do not have
a general right to fees for transcripts in §2255 proceedings.  See
28 U.S.C. §753(f); United States. v. McCollum, 426 U.S. 317, 320-21
(1976); United States v. DeSouza, 1 F.3d 1231; 1993 WL 299394 (1st
Cir. Aug. 5, 1993).  Rather, such payment may be authorized only
"if the trial judge . . . certifies that the suit . . . is not
frivolous and the transcript is needed to decide the issue
presented by the suit . . . ." 28 U.S.C. §753(f); McCollum, 426
U.S. at 320-21; DeSouza, 1 F.3d at 1231.  At this point, the court
is not persuaded that this case - which involves a defendant who
was represented by  experienced counsel, pled guilty, and received
a sentence based on the amount of drugs stipulated in the plea
agreement - is not frivolous.  In addition, defendant was present
for his change of plea and sentencing, and therefore knows what
transpired at those hearings.  Cf. Donovan v. Maine, 276 F.3d 87,
93 (1st Cir. 2002) (petitioner in §2254 case was not entitled to

10

equitable tolling based on delay in getting transcripts in part because "he attended the post-conviction evidentiary hearing and, thus, knew what had transpired in that session."). In addition, defendant's claim that he instructed his attorney to file an appeal is rooted in alleged events that occurred after his plea and sentencing hearing. Therefore, on the present record, the court does not find the requested transcripts are necessary.

Accordingly, the motion for transcripts at public expense is being denied without prejudice.

V.  ORDER

Accordingly, it is hereby ORDERED that:

1. Grounds One, Three and Four of the §2255 Motion (Docket No. 734) are DISMISSED.

2. By April 15, 2013, defendant shall report whether he wishes to: (1) proceed with Ground Two and waive his privilege as described above; or (2) withdraw Ground Two and preserve his privilege. If defendant chooses to proceed, then, by May 3, 2013, Mr. Cullen shall submit an affidavit which addresses: (1) whether he consulted with defendant regarding a direct appeal; and (2) whether defendant instructed him to file a direct appeal. Upon receipt of the affidavit, the court will determine whether an evidentiary hearing is required.

3.   Mr. Cullen's Request for Funds for Change of Plea and Sentencing Transcripts (Docket No. 716) is DENIED without prejudice.

UNITED STATES DISTRICT JUDGE